IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CLARENCE CLAY | ) | |
| | ) | |
| v | ) | Civ. Case No. 2:05cv854-MHT |
| | ) | WO |
| UNITED STATES OF AMERICA | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION and PROCEDURAL HISTORY**

On February 6, 2003, Clarence Clay ("Clay") was convicted of one count of conspiracy to distribute and possess with intent to distribute 4 kilograms of cocaine hydrochloride, 50 or more grams of cocaine base, and 1,000 or more kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and with unlawful use of a communication facility, a telephone, in violation of 21 U.S.C. § 843(b).  On April 14, 2003, Clay was sentenced to 50 months' imprisonment on the conspiracy count and 6 months' consecutive imprisonment on the communications count for a total term of 56 months.  On direct appeal, Clay raised several arguments, including an issue concerning "whether drug quantity becomes an element of the offense under federal drug trafficking statutes only when it may be used to impose a sentence above the applicable statutory maximum." *U.S. v. Clay*, 376 F.3d 1296, 1300 (11th Cir. 2004).  On July 15, 2004, the Eleventh Circuit affirmed his convictions.  *Id.*

On September 2, 2005, Clay filed his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, in which he raised claims of prosecutorial misconduct and

ineffective assistance of counsel. (Doc. No. 1.) On February 26, 2007, the undersigned entered a Recommendation, in which all of Clay's ineffective-assistance-of-counsel claims, as well as the underlying substantive claims subsumed within his ineffective-assistance-of-counsel claims, were addressed on the merits. (Doc. No. 57.) On March 30, 2007, this court adopted the undersigned's Recommendation to deny Clay's § 2255 motion. (Doc. No. 63.)

On January 2, 2008, the Eleventh Circuit Court of Appeals vacated this court's order denying Clarence Clay's motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 and remanded the case for reasons explained below.

## II. DISCUSSION

The Eleventh Circuit remanded this case with instructions that this court address Clay's *substantive United States v. Booker*, 540 U.S. 220 (2005) claim. In order to comply with the Eleventh Circuit's mandate, the first question this court must confront is what is the nature of that claim. In its opinion, the Court said this:

> Although this is a close call, given Clay's *pro se* status we conclude that he sufficiently raised a substantive *Booker* argument during the 28 U.S.C. § 2255 motion proceedings to require a ruling by the district court on it. The tipping factor to us is the fact that the government's response to Clay's § 2255 motion specifically acknowledged that "Clay also raises whether his sentence is proper under *United States v. Booker*, 540 U.S. [220], 125 S.Ct. 738 (2005)," and argued against that the *Booker* claim failed on the merits.

*Clay v. U.S.*, — Fed.Appx. —, —, 2008 WL 90059 *2 (11th Cir. January 2, 2008) (unpublished).

In the government's response to which the Eleventh Circuit refers, the government

2

argued under the heading "Clay's Ineffective Assistance of Counsel Claims are Without Merit" and the subheading "Counsel was not ineffective for failing to challenge Clay's sentence under *Apprendi*" as follows:

> Clay asserts that his counsel was ineffective for failing to raise *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000). Although a review of Clay's brief in this case shows that *Apprendi* was not directly raised, any possible claim under that case was plainly considered by the Eleventh Circuit. . . . [T]he Court of Appeals found that there was no valid *Apprendi* claim because Clay's sentence did not exceed the statutory maximum for his offense of conviction. *See United States v. Clay*, 376 F.3d at 1031. Again, because counsel could not be ineffective for failing to raise an issue that would not succeed, this claim of ineffective assistance regarding a failure to raise *Apprendi* must fail. *Nyhuis*, 211 F.3d 1340 at 1344.
>
> Clay also raises whether his sentence is proper under *United States v. Booker*, 543 U.S. [220], 125 S.Ct. 738 (2005). *Booker* likewise would have no impact on Clay's sentence, as it did not exceed the statutory maximum applicable to his offense. *Booker* reaffirmed the *Apprendi* holding that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S.Ct. at 756. Again, Clay's sentence of 50 months did not meet or exceed the applicable statutory maximum of 60 months. Therefore, his underlying *Booker* claim must fail also.

(Doc. No. 15, pp. 12-13.) In other words, the *Booker* argument was rebutted in the context of addressing Clay's ineffectiveness of counsel claim. The Government argued that counsel was not ineffective for failing to argue *Booker* and other *Apprendi*-related claims on appeal because the underlying *Booker* claim was non-meritorious.

In the earlier Recommendation this court addressed the underlying *Booker* claim when

3

discussing the merits of Clay's ineffective-assistance-of-counsel claims.[1]  The upshot of all of this is that the precise nature of Clay's substantive *Booker* claim remains unclear.  To dispel its doubt about what is at issue, the court will look to Clay's appellate brief in its effort to insure that it complies with the Eleventh Circuit's instructions that the court address Clay's substantive *Booker* claim.

In his July 27, 2007, appellate brief, Clay asserts as follows:

> The record in this case fully supports and substantiates the fact that Mr. Clay timely and repeatedly made appear an undeniable claim under *United States v. Booker*, *supra*, see Docket #1, 09/02/2005 at Pages 22-24; Magistrate's Recommendation, Docket # 57, 02/26/2007, at Pages 9-12, memorializing Mr. Clay's claim in the view of the district court; Petitioner's Objections and Response to Recommendation of the Magistrate Judge, Docket # 60, 03/12/2007, Pages 1-2, 5-9; Motion to Alter or Amend Judgment, Docket # 64, 04/09/2007, at Pages 1-9, and Mr. Clay's Petition for Certificate of Appealability, Pages 3-8, 10-11.

Appellate Brief in *Clay v. U.S.*, No. 07-11806-H (11th Cir. July 27, 2007).   The court will now turn to Clay's referenced documents for direction.  A summary of Clay's references are as follows:

- In Clay's memorandum in support of his § 2255 motion at pages 22-24, Clay asserts under the heading "Issue IV: Ineffective Assistance of Counsel" that Steve Glassroth should have raised

---

[1] Noting that Clay argued counsel was ineffective for failing to preserve *Apprendi*, *Blakely*, and *Booker* claims, this court observed that on direct the Eleventh Circuit concluded that Clay's *Appendi*-related claims were without merit.  With regard to Clay's claim that counsel was ineffective for failing to provide an avenue for him to amend his appellate brief to raise *Apprendi*, *Blakely*, and *Booker* claims, this court observed that the Eleventh Circuit determined that those claims fail because his sentence was below the maximum sentence he could have received.  *See Clay v. United States*, – F.Supp. 2d –, –, 2007 WL 1034957 *5-7 (M.D. Ala. March 30, 2007).

4

> a Booker claim on appeal because "Booker further clarified
> Apprendi in stating that any fact other than that of a prior
> conviction, that increases a sentence beyond the 'statutory
> maximum' must be found by a jury beyond a reasonable doubt;
> and in Mr. Clay's case not only were the drug amounts
> calculated against the recommendation of the Probation Officer
> by way of the . . . PSI . . . , but the jury expressly found no
> amounts or objects that could be unanimously agreed on."  Clay
> further argues that "the statutory maximum in this case could
> only be established by what the Jury found Mr. Clay guilty of
> and the record clearly shows that no objects or amounts could be
> unanimously agreed upon."

- In pages 9-12 of this court's own Recommendation, the court addressed Clay's "underlying *Apprendi*-related claim concerning the jury's failure to reach a unanimous decision on the amount of drugs attributed to Clay," finding that this contention was previously addressed and found to be without merit by the Court on direct appeal.  This court also discussed Clay's underlying *Booker* claim and found the claim to be without merit, specifically noting that the Eleventh Circuit Court found that Clay's *Apprendi*-related claims must fail because his 50-month sentence was below the 60-month sentence he could have received.

- In Clay's Objections (Doc. No. 60), on pages 1-2, Clay asserts that counsel was ineffective for failing to argue *Apprendi*, *Booker*, and *Blakely*, arguing that the "the predicate core issue in this matter is that of the undeniable fact that the jury did not unanimously find any quantity of controlled substances attributable to Mr. Clay" and "leaves open to question whether or not the jury really found all the essential elements of the offense unanimously. . . ."  On pages 5-9, Clay emphasizes that the Court in *Blakely* found that the "statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant" and makes one isolated reference to *Booker*, asserting that "[p]rior to the Supreme Court's decision in *Booker*, the sentence applicable to a given statutory offense was clearly defined by the contour of allowable sentence authorized by the Congressional intent. . . ."

5

- In Clay's Motion to Alter or Amend Judgment pursuant to FED.R.CIV.P. 59(e), Clay argues that this court failed to address "the predicate core issue of Mr. Clay's argument with regards to the sentence imposed after the jury returned a non-unanimous verdict." There is no mention of the *Booker* case in this motion.

- In Clay's April 19, 2007, notice of intent to appeal and application for a certificate to appeal (Doc. No. 66), Clay asserts that his "right to be sentenced according to the 5th and 6th Amendments under *Apprendi*, *Blakely*, *Booker*, and *Cunningham* as set forth by the United States Supreme Court in those decisions is without dispute a claim of constitutional magnitude."[2]

With Clay's various references to *Booker* in mind, the court will now address the issue. The Supreme Court decided *Booker* on January 12, 2005, while Clay's case was on direct appeal. In *Booker*, the Court "reaffirm[ed] [its] holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244. The Court specifically determined that the district court's application of the Guidelines to Booker's case and its imposition of a sentence higher than the maximum authorized by the jury's verdict violated the Sixth Amendment. *Id*., 543 U.S. at 267-68.

As previously discussed in this Court's Recommendation, as well as the Eleventh Circuit Court's opinion on direct appeal, Clay's 50-month sentence for conspiracy is below

---

[2] In his appellate brief, Clay indicates that he raised a *Booker* claim in his May 9, 2007 "Petition for Certificate of Appealability [at] Pages 3-8, 10-11." The court assumes that the petition was filed in Circuit Court, as this court has no record indicating that Clay filed a petition with 11 or more pages. Nonetheless, out of an abundance of caution, the court has listed the Booker claim asserted in Clay's most recent notice of appeal, which was filed in his court on April 19, 2007. (Doc. No. 66.)

the 60-month sentence he could have received.  Because Clay was sentenced below the 60-month maximum he could have received pursuant to § 841(b)(1)(D), no *Apprendi*-related error, including a *Booker* error, occurred.  The Eleventh Circuit's opinion on direct appeal supports this conclusion.

> Clay contends that his conspiracy conviction should be reversed because the jury could not unanimously agree that the amount of drugs alleged in the superseding indictment should be attributed to Clay.  No authority supports this *Apprendi*-related contention, and most of Clay's argument is nothing more than an attack on this Court's holding in *Sanchez*.  Clay received a 50-month sentence for violating § 841(b)(1)(D), when the maximum sentence that statutory provision sets for the smallest quantity of drugs is 60 months.  Under *Sanchez*, no error occurred.
>
> Clay recognizes that in *Sanchez*, we held that drug type and quantity are not required to be alleged in the indictment, submitted to the jury, and proved beyond a reasonable doubt, as long as the statutory maximum punishment is not exceeded.  *See Sanchez*, 269 F.3d [1250,] 1268 [(11th Cir. 2001)] ("To repeat the oft-repeated, *Apprendi* explicitly limited its holding to facts 'that increase [] the penalty for a crime beyond the prescribed statutory maximum.'  Therefore, *Apprendi* has no effect on cases in which a defendant's actual sentence falls within the range prescribed by the statute for the crime of conviction."). Clay's contention is that because the jury was asked to ascertain the quantity of drugs for which he was accountable and was unable to agree on that, the government failed to meet its burden of proving every element of the charge beyond a reasonable doubt.  The flaw in Clay's reasoning is that the specific quantity of drugs for which he was accountable is not an element of the crime charged.  *See United States v. Matthews*, 168 F.3d 1234, 1245 (11th Cir. 1999).  Under *Sanchez*, specification of quantity does not become essential unless the amount of the drugs involved is used to increase the defendant's sentence beyond the applicable maximum penalty for the smallest detectable quantity.  In this case it was not.

7

>	Had the district court sentenced Clay to a term of imprisonment above the 60-month maximum for any detectable quantity of drugs, *see* § 841(b)(1)(A) (maximum sentence of life if 1000 kg or more of marijuana); § 841(b)(1)(B) (40-year maximum if more than 100 of marijuana), Clay would have a point under *Apprendi*. However, recognizing that the failure of the jury to agree on a specific drug quantity limited the type of sentence it could impose on Clay, the district court sentenced him to only 50 months, which is below the 60-month maximum that he could have received pursuant to § 841(b)(1)(D). Therefore, in light of our reasoning in *Sanchez*, the 50-month sentence was in the permissible range and the district court did not plainly err. *See also United States v. Richards*, 302 F.3d 58, 66 (2d Cir. 2002) ("[D]rug quantity becomes an element of the offense under § 841 only where it may be used to impose a sentence above the statutory maximum sentence" because "the constitutional rule of *Apprendi* does not apply where the sentence imposed is not greater than the prescribed maximum for the offense of conviction").

*U.S. v. Clay*, 376 F.3d 1296, 1300-01 (11th Cir. 2004). *See also U.S. v. Sweeting*, No. 04-16241, 232 Fed. Appx. 873 (11th Cir. 2007) (Table) (citing *Clay* for the proposition that no *Apprendi* error occurs where drug type and quantity are not alleged in the indictment, submitted to the jury, and proved beyond a reasonable doubt, as long as the statutory maximum is not exceeded).

Since the Supreme Court re-affirmed its *Apprendi* decision in *Booker*, the circumstances of Clay's case have not changed. Clay is currently serving a 50-month sentence for violating § 841(b)(1)(D), when the maximum sentence that statutory provision sets for the smallest quantity of drugs is 60 months. Because the sentence imposed is not greater than the prescribed maximum for the offense of conviction, neither an *Apprendi* nor a *Booker* violation has occurred in this case. *See*, *e.g.*, *Clay*, *supra*; *U.S. v. Harrington*, 204

Fed. Appx. 784, 792 (11th Cir. 2006) (defendant's sentence reasonable where 151- month sentence was well below the statutory maximum authorized by the jury's verdict and at the low end of the guideline range of 151-188 months' imprisonment); *U.S. v. Hernandez-Flores*, 196 Fed. Appx. 846, 848 (11th Cir. 2006) (defendant's sentence reasonable where defendant was sentenced well below the twenty-year statutory maximum). Thus, it doesn't matter that the jury could not agree on a quantity; the sentence was based on the lowest possible quantity. Clay's § 2255 motion with respect to his *Booker* claim is due to be denied.

### III.  SOME OBSERVATIONS IN DICTA

The aspect of this case that doubtless will intrigue appellate judges and law professors but vex trial judges is the statement in the Eleventh Circuit's remand opinion that "*Booker* then, would apply to Clay's case." *Clay*, — Fed.Appx at —, 2008 WL 90059 *1. Clay's "case" is brought pursuant to 28 U.S.C. § 2255; it is a collateral challenge to his sentence. Every federal court of appeals, including the Eleventh Circuit Court of Appeals, has held that *Booker* and/or *Blakely* do not apply retroactively to cases on collateral review. *See, e.g., Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005).[3] Numerous decisions also recognize that the Supreme Court in *Booker* directed that the *Booker* holding was to be

---

[3]*See also, e.g., Lloyd v. United States*, 407 F.3d 608, 610 (3rd Cir. 2005)( "All courts of appeals to have considered the issue of whether the rule of law announced in [*Booker*] applies retroactively to prisoners who were in the initial § 2255 motion stage as of the date that *Booker* issued have concluded that it does not. We now join those courts." ); *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005) ("Thus, like *Blakely*, *Booker* does not apply retroactively on collateral review, and Bellamy's claim may not be brought in this initial habeas review under 28 U.S.C. § 2255."); *Guzman v. United States*, 404 F.3d 139, 142 (2nd Cir. 2005) ( "The several courts of appeals that have considered the retroactivity question have held that Booker is not retroactive ... [w]e agree.") (citations omitted); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) ("[W]e conclude that *Booker*'s rule does not apply retroactively in collateral proceedings[.]").

applied to all cases on direct review.[4] *Booker*, 543 U.S. at 268; *see, e.g., United States v. Gentry*, 432 F.3d 600, 602 (5th Cir. 2005) ("the *Booker* Court expressly articulated that these holdings were applicable to all cases pending on direct review."). It is frequently also stated by courts that *Booker* is not retroactively applicable to cases on collateral review that were final before the January 12, 2005, *Booker* decision. *See, e.g., McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) ("*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."). This latter proposition appears to undercut the blanket holding that "*Booker* does not apply retroactively to cases on collateral review," as it seems to make substantive *Booker* claims available to those § 2255 petitioners whose cases were still on direct review when *Booker* was decided, but who could not raise the claim.[5]

---

[4]Even in cases on direct review, however, *Booker* instructs courts "to apply ordinary prudential doctrines [including], for example, whether the issue was raised below...." *Booker*, 543 at 268.

[5]Any attempt by counsel to raise a *Booker* claim for the first time in a supplemental brief filed after *Booker*'s release would most likely be futile. The Eleventh Circuit has repeatedly refused to consider issues raised for the first time in a supplemental brief or in a petition for rehearing. *See United States v. Hembree*, 381 F.3d 1109, 1110 (11th Cir. 2004); *United States v. Levy*, 379 F.3d 1241, 1242-43 (11th Cir. 2004); *United States v. Nealy*, 232 F.3d 825, 830 (11th Cir. 2000).

> "[i]t seems relatively obvious that if the Supreme Court may apply its prudential rules to foreclose a defendant's untimely *Blakely*, now *Booker*, claim, there is no reason why this Court should be powerless to apply its prudential rule to foreclose defendant Levy's untimely *Blakely*, now *Booker*, claim."

*Levy*, 416 F.3d at 1277. *See also United States v. Vanorden*, 414 F.3d 1321, 1322, 2005 (11th Cir. 2005) ("Because Vanorden did not challenge his sentence on Sixth Amendment- *Apprendi- Blakely - Booker* grounds in his first trip through this circuit, this argument is 'deemed abandoned.'"); *United States v. Pipkins*, 412 F.3d 1251, 1253 (11th Cir. 2005) ("The well-established law in our circuit requires that issues be raised in the parties' initial brief."); *United States v. Sears*, 411 F.3d 1240, 1241 (11th Cir. 2005) (stating that "[t]he Appellant's failure to raise the [ *Booker* ] issue in his initial brief bars him from doing so now" ); *United States*
(continued...)

As noted in the Eleventh Circuit's opinion, Clay's case was technically still on direct review when *Booker* was decided on January 12, 2005. His petition for certiorari was pending in the Supreme Court and was not denied until February 28, 2005. The question then is whether, in cases like Clay's, a *Booker* claim raised in a § 2255 motion filed after the direct appeal process is complete and the conviction is final is to be treated like those *Booker* claims that are raised on collateral review in cases where the conviction was clearly final before *Booker* was decided, or whether (and this is what the Eleventh Circuit actually does in Clay's case) the claim is to be assessed like those *Booker* claims raised on collateral review in cases where *Booker* was clearly the law before the conviction was final (for example, in cases tried well after the Supreme Court decided *Booker*)? Thankfully, he court doesn't have to decide this issue because the mandate in this case directs the court to address the *Booker* issue, and the court has done that.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied as the claims presented therein entitle the defendant to no relief.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said

---

[5](...continued)
*v. Dockery*, 401 F.3d 1261, 1262 (11th Cir. 2005) (declining to consider on remand *Booker* issue not raised in appellant's initial brief).

Recommendation **on or before May 12, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 29th day of April, 2008.

                                               /s/Charles S. Coody
                                               CHARLES S. COODY
                                               CHIEF UNITED STATES MAGISTRATE JUDGE