IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLARENCE CLAY,         )<br>                                )<br>     Petitioner,         )<br>                                )<br>v.                              )<br>                                )<br>UNITED STATES OF AMERICA, )<br>                                )<br>     Respondent.        ) | Civil Action No. 2:05cv854-MHT<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Clarence Clay's ("Clay") *pro se* motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(4) and 60(d)(3).[1] (Doc. No. 99.) By his motion, Clay purports to seek relief from this court's judgment of May 23, 2008, denying a 28 U.S.C. § 2255 motion filed by Clay.

**I.   RELEVANT BACKGROUND**

On February 6, 2003, a jury found Clay guilty of one count of conspiracy to distribute and possess with intent to distribute 4 kilograms of cocaine hydrochloride, 50 or more grams of cocaine base, and 1,000 or more kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and with unlawful use of a communication facility, a telephone, in violation of 21 U.S.C. § 843(b). On April 14, 2003, the trial court sentenced Clay to 50 months' imprisonment on the conspiracy count and to 6 months' consecutive imprisonment

---

[1] Clay originally styled his motion as one for relief pursuant to Fed.R.Civ.P. 60*(b)*(3) and 60(b)(4). However, he later moved to amend his pleading, stating that he had erroneously cited Rule 60*(b)*(3) instead of Rule 60*(d)*(3) in his original motion. (*See* Doc. No. 103.)

on the communications count, for a total term of 56 months. Clay appealed to the Eleventh Circuit, and on July 15, 2004, the appellate court affirmed his convictions and sentence.[2] *United States v. Clay*, 376 F.3d 1296, 1300 (11th Cir. 2004).

On September 2, 2005, Clay filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, in which he raised claims of prosecutorial misconduct and ineffective assistance of counsel and also alleged that his sentence was improper under *United States v. Booker*, 540 U.S. 220 (2005). (Doc. No. 1.) This court denied Clay's § 2255 motion in a judgment entered in March 2007. (*See* Doc. No. 57 [Magistrate Judge's Recommendation]; Doc. Nos. 62 and 63 [District Court's Order and Final Judgment].) Clay appealed, and the Eleventh Circuit remanded the case with directions for this court to address Clay's substantive *Booker* claim. (*See* Doc. No. 76.) After the Magistrate Judge entered a supplemental recommendation finding that Clay's *Booker* claim lacked merit (Doc.

---

[2] Clay raised the following issues on direct appeal:

1. Whether the district court erred in concluding that the prosecutor's comments before the grand jury did not substantially influence the grand jury's decision to return the superseding indictment in this case?

2. Whether the evidence was sufficient to sustain Clay's conviction for the unlawful use of a communication facility, to wit, a telephone, in violation of 21 U.S.C. § 843(b)?

3. Whether drug quantity becomes an element of the offense under federal drug trafficking statutes only when it may be used to impose a sentence above the applicable statutory maximum?

*United States v. Clay*, 376 F.3d 1296, 1300 (11th Cir. 2004).

No. 84), the district court, on May 23, 2008, adopted the Magistrate's Judge's initial and supplemental recommendations and entered a final judgment denying Clay's § 2255 motion (Doc. Nos. 89 and 90). Clay appealed from the denial of his § 2255 motion, and on July 31, 2008, the Eleventh Circuit denied his application for a certificate of appealability. (*See* Doc. No. 96.)

Clay's instant motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(4) and 60(d)(3) was filed on November 24, 2009. (Doc. No. 99.) He presents the following claims in his motion:

1. This court, when denying his § 2255 motion in 2008, failed to correct a "structural error" and obvious violation of his right to trial by jury, where the record shows that the trial court determined the amount of drugs attributable to him at sentencing despite the jury's inability to reach a unanimous agreement in its verdict.

2. The trial court's entry of a judgment of conviction in his criminal case "represent[ed] a fraud being perpetrated on the Court by the Court," because the jury was unable to reach a unanimous agreement in its verdict.

3. This court "violated the § 2255 statute" by failing to hold an evidentiary hearing on his § 2255 motion.

(Doc. No. 99 at pp. 4-20.)

## II. DISCUSSION

### A. FED.R.CIV.P. 60

"Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d

1290, 1293 (11th Cir. 2007). Rule 60, like all Federal Rules of Civil Procedure, apply only to civil actions and proceedings in the United States District Court. *See* Fed.R.Civ.P. 1. Thus, it is well settled that Fed.R.Civ.P. 60 does not provide a vehicle for relief from a judgment in a criminal case. *See United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

Federal Rule of Civil Procedure 60(b) permits a litigant to move for relief from an otherwise final judgment in a civil case for a number of reasons, including "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," or where the judgment is void.[3] *See* Fed.R.Civ.P. 60(b)(3) and 60(b)(4). Such motions are subject to a one-year statute of limitations. Fed.R.Civ.P. 60(c)(1). However, under recently enacted Rule 60(d), no limitations period limits "a court's power to (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; [or] ... (3) set aside a judgment for fraud on the court."[4] *See* Fed.R.Civ.P. 60(d).

### B.   *Gonzalez v. Crosby* and Successive § 2255 Motions

In the context of motions under Rule 60, a party's label is not binding on the court, and a court may discard an inappropriate label to render a decision based on the motion's

---

[3] Rule 60(b) provides, in sum, the following six bases for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment

[4] Rule 60 was restructured effective December 1, 2007, to provide at 60(d)(3) that, "[t]his rule does not limit a court's power to set aside a judgment for fraud on the court." Previously, such claims were brought under 60(b).

4

substance. *Smith v. United States Parole Comm'n*, 721 F.2d 346, 348 (11th Cir. 1983). When a *pro se* petitioner brings a motion under Rule 60, the district court may appropriately construe it as a § 2255 motion, and, if applicable, treat it as an unauthorized second or successive motion. *See Williams*, 510 F.3d at 1293-95. If construed as a second or successive motion, the district court lacks subject matter jurisdiction. *Id*. at 1295.

In *Gonzalez v. Crosby*, 545 U.S. 524 531-32 (2005), the Supreme Court provided guidance as to how prisoner claims under Rule 60 should be construed.[5] If the motion seeks to add a new ground for relief from the underlying judgment of conviction or sentence, or otherwise attacks the district court's resolution of any original § 2255 claims on the merits, then the court should construe the Rule 60 action as a second or successive § 2255 motion and dismiss it accordingly. *Id*.; *see also Williams*, 510 F.3d at 1293-94. By contrast, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," courts should not treat the Rule 60 action as a successive § 2255 motion.[6] *Gonzalez*, 545 U.S. at 532-33;

---

[5]*Gonzalez* addressed this issue in the context of a 28 U.S.C. § 2254 petition for habeas corpus relief. However, the Eleventh Circuit recognizes that "the principles developed in habeas cases also apply to § 2255 motions." *Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987). Moreover, the Eleventh Circuit has stated that the holding and rationale of *Gonzalez* apply equally to § 2255 and § 2254 habeas proceedings. *See El-Amin v. United States*, No. 05-1276, 172 Fed.Appx. 942 (11th Cir. Mar. 28, 2006); *United States v. Terrell*, No. 02-14997, 141 Fed.Appx. 849 (11th Cir. Jul. 19, 2005).

[6]The Supreme Court in *Gonzalez* described a "claim" as "an asserted federal basis for relief from a ... court's judgment of conviction." 545 U.S. at 530. The Court further explained that

> [t]he term "on the merits" has multiple usages. We refer here to a determination that there do not exist grounds entitling a petitioner to habeas corpus relief under 28

*see also Williams*, 510 F.3d at 1294. Such actions are properly brought under Rule 60 and can be ruled on by the district court without the pre-certification from the court of appeals that is ordinarily required for a second or successive § 2255 motion.[7] *Id*. at 538.

### C. Clay's Claims

#### 1. *Trial Court's Infringement upon Jury's Duties and Violation of Right to Trial by Jury*

Clay claims that this court, when denying his § 2255 motion, failed to correct a "structural error" and obvious violation of his right to trial by jury, specifically, the trial court's alleged infringement upon the duties of the jury by determining the amount of drugs attributable to him despite the jury's inability to reach a unanimous agreement in its verdict. (Doc. No. 99 at pp. 4-12 and 18-19.) In this regard, Clay also asserts that he raised this claim in his § 2255 motion, but that this court neglected to address the issue. (*Id*. at 10-11.)

---

U.S.C. § 2254(a) and (b). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

*Id*. at 532 n.4 (citations omitted).

[7]The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, a petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255 ¶8.

In its response to Clay's instant motion, the government correctly observes that Clay did not present such allegations as a stand-alone substantive claim in his § 2255 motion. (*See* Doc. No. 102 at p. 7.) Rather, he argued that his counsel rendered ineffective assistance by failing to challenge the trial court's infringement on the role of the jury by determining the amount of drugs attributable to him. (*See* Doc. No. 1 at pp. 4-6; Doc. No. 2 at p. 5.) This court, when ruling on Clay's § 2255 motion, fully addressed Clay's claims that his counsel was ineffective in this regard, and found the claims to lack merit. (Doc. No. 57 at pp. 9-12 and 14-17; Doc. No. 84 at pp. 8-9.)

Moreover, to whatever extent Clay's current allegations could possibly be construed as presenting a substantive claim under *United States v. Booker*, 540 U.S. 220 (2005), this court fully addressed such a claim in the Magistrate Judge's supplemental recommendation. (Doc. No. 84 at pp. 2-11.) Therefore, Clay is either raising a new ground for relief from his underlying conviction or he is reasserting a claim (as that term is defined in *Gonzalez*, *supra*) that he raised in his original § 2255 motion and that was determined on the merits by this court. In either case, a Rule 60 motion is *not* the proper vehicle for advancing such a "merits related" claim, and the claim is, in substance, part of a second or successive petition as defined in *Gonzalez*. *See Williams*, 510 F.3d at 1294. Because Clay has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion, this court lacks the jurisdiction to consider this claim. *Gonzalez*, 545 U.S. at 532; *Williams*, 510 F.3d at 1293-95. *See also Farris v. United States*,

333 F.3d 1211, 1216 (11th Cir. 2003).

## 2. *Entry of Judgment of Conviction as "Fraud on the Court"*

Clay claims that the trial court's entry of the judgment of conviction in his criminal case "represent[ed] a fraud being perpetrated on the Court by the Court," because the jury was unable to reach a unanimous agreement in its verdict. (Doc. No. 1 at pp. 4-5 and 12-17.) Although cloaked in the rubric of Fed.R.Civ.P. 60,[8] this claim is self-evidently *not* a ground for relief asserting a defect in the integrity of the proceedings on Clay's original § 2255 motion as defined in *Gonzalez*. Instead, the claim attacks the substance of Clay's conviction and sentence. As such, the claim is not properly asserted in a motion under Rule 60 and is, in substance, part of a second or successive § 2255 motion – one filed without pre-certification from the appellate court. Therefore, this court lacks the jurisdiction to consider this claim. *Gonzalez*, 545 U.S. at 531-32; *Williams*, 510 F.3d at 1293-94.

## 3. *Failure to Hold Evidentiary Hearing on Original § 2255 Motion*

Clay claims that this court "violated the § 2255 statute" by failing to hold an evidentiary hearing on his § 2255 motion. (Doc. No. 1 at pp. 5 and 19-21.) Although this claim asserts a "defect in the integrity" of the proceedings on Clay's original § 2255 motion, *see Gonzalez*, 545 U.S. at 532, and thus may be properly raised in a Rule 60 motion, the claim does not entitle Clay to any relief, because it is meritless. The facts relevant to the claims presented in Clay's original § 2255 motion were adequately developed in the record,

---

[8] *See* Rule 60(d)(3); see also Rule 60(b)(3).

and it could be conclusively determined from the record – without a hearing – that Clay's claims did not entitle him to any relief. *See Lynn v. United States*, 365 F.3d 1225, 1238-39 (11th Cir. 2004); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989).

A 28 U.S.C. § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, if accepted as true, would not entitle petitioner to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1998). *See Holmes*, 876 F.2d at 1553 (evidentiary hearing not required where petitioner's claim is "based upon unsupported generalizations")  Upon that standard, Clay was not entitled to an evidentiary hearing on his original § 2255 motion. Therefore, there is no merit to his claim under Rule 60.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Clay's instant motion be dismissed as a successive § 2255 motion to the extent that Clay collaterally attacks his conviction and sentence by claiming (1) that the trial court infringed upon the duties of the jury and violated his right to a trial by jury and (2) that the trial court's entry of the judgment of conviction in his criminal case represented a fraud on the court; and

2.  Clay's instant motion for relief pursuant to Fed.R.Civ.P. 60(b)(4) and 60(d)(3) be denied to the extent Clay claims he was entitled to an evidentiary hearing on his original

§ 2255 motion; and

    3.  The judgment denying Clay's original § 2255 motion stand.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before March 25, 2011**.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

Done this 11th day of March, 2011.

                                        /s/Charles S. Coody
                                        CHARLES S. COODY
                                        UNITED STATES MAGISTRATE JUDGE